IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CONTENTGUARD HOLDINGS, INC.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 14-00498 WHA<br><br>**ORDER RE MOTIONS RE VENUE, VACATING HEARING, AND REQUEST TO SISTER DISTRICT** |

In this patent declaratory-judgment action, plaintiff moves to enjoin defendant from proceeding with its later-filed infringement action in the Eastern District of Texas. In opposition, defendant moves to transfer this action to that district, to stay this action, or to dismiss.

Three pending actions are relevant, listed in order of filing date: (1) *Contentguard Holdings, Inc. v. Amazon.com, Inc., et al.*, No. 2:13-cv-01112-JRG (E.D. Tex. Dec. 18, 2013) (Judge Rodney Gilstrap) ("*Amazon* action"); (2) *Google, Inc. v. ContentGuard Holdings, Inc.*, No. 3:14-cv-00498-WHA (N.D. Cal. Jan. 31, 2014) (Judge William Alsup) (this action); and (3) *ContentGuard Holdings, Inc. v. Google, Inc.*, No. 2:14-cv-00061-JRG-RSP (E.D. Tex. Feb. 5, 2014) (Magistrate Judge Roy S. Payne) ("*Google* Texas action"). Here are the details.

In December 2013, ContentGuard Holdings, Inc. filed the *Amazon* action alleging patent infringement of nine patents in the Eastern District of Texas against five defendants, including Motorola Mobility, LLC, a wholly-owned subsidiary of Google, Inc. Google was not and is not a named party to the *Amazon* action, but the complaint called out the Google Play applications as practicing ContentGuard's patents on the accused devices (Compl. ¶ 43, Amd. Compl. ¶ 52). The complaint therein stated: "Google supplies the Google Play 'apps' that are used by all

Defendants to practice the claimed inventions, and the Google Play 'apps' operate the same way relative to the patents in proving the claimed DRM functionality on Defendants' products" (Comp. ¶ 44, Amd. Compl. ¶ 53). DRM stands for digital rights management, a technology used to control digital content on devices and protect against digital piracy. The named defendants were served with the summons and complaint on December 23.

In early January 2014, counsel for ContentGuard received a call from an in-house attorney at Google regarding the *Amazon* action. When counsel for ContentGuard and the in-house Google attorney eventually spoke, after a series of voicemail messages, the in-house Google attorney stated that he wanted to "open a dialogue" about the "ContentGuard litigation." Counsel for ContentGuard told the in-house Google attorney that he would pass along the information to ContentGuard (Cote Decl. ¶¶ 2–5).

On January 17, plaintiff added seven defendants to the *Amazon* action — but again did not name Google (Dkt. No. 22). On January 30, the director of licensing at Pendrell Technologies, LLC, the parent corporation of ContentGuard, left a voicemail with the in-house attorney at Google. The in-house attorney never returned the call (Cote Decl. ¶¶ 2–5, Woo Decl. ¶¶ 3–4). This order notes that, in a footnote, Google "requests limited discovery for the purpose of determining the actual reason(s) ContentGuard decided not to name Google as a defendant . . . and/or whether there were other, strategic reasons for ContentGuard's decision" (Reply 15, n.7). This was not properly raised in accordance with the discovery rules. To date, no motions to transfer venue have been filed in the *Amazon* action.

On January 31, Google filed this action in this district seeking a declaration that Google does not directly or indirectly infringe the same nine patents asserted in the *Amazon* action.

Five days later, ContentGuard filed a new mirror action against Google in the Eastern District of Texas alleging infringement by Google of the same nine patents. Per Texas Patent Rule 2-6, the *Amazon* action and the *Google* Texas action were related. The action, however, was then automatically referred to Magistrate Judge Payne per Judge Gilstrap's standing order to randomly-refer forty percent of his cases.

2

On February 19, in the *Google* Texas action, ContentGuard filed a motion before Magistrate Judge Payne to consolidate the *Amazon* action and the *Google* Texas action for "discovery and case management purposes."

For its part, Google filed the instant motion here to enjoin ContentGuard from prosecuting the later-filed *Google* Texas action in the Eastern District of Texas. To be clear, Google seeks to enjoin ContentGuard from prosecuting the *Google* Texas action — not the *Amazon* action.

In Texas, Google also filed (the next day) a motion to stay or transfer the *Google* Texas action to the Northern District of California. In brief, Google argues that three of the eight patent inventors located in California (there are eleven inventors total) are located in Northern California, non-party Adobe Systems, Inc. (headquartered in San Jose, California) will be the subject of a subpoena, three engineers from the Google Play team expected to provide testimony are located in this district, and "Google does not currently have any employees in the Eastern District of Texas" (Chao Decl. Exh. 7, Debey Decl. ¶¶ 2–7, 9). Mark Stefik and Peter Pirolli are inventors of six of the nine asserted patents and both live and work in the San Francisco area. Google also argues that ContentGuard was headquartered in El Segundo, California until 2013 when it moved its operations to Plano, Texas. The "Plano office houses five employees, as well as varying numbers of contractors" and some of the employees spend only 40% of their time in that office (Chao Decl. ¶ 6, Exh. 5, Richardson Decl. ¶¶ 2, 4, 5).

In response, ContentGuard argues that Motorola Mobility, LLC manufactures infringing devices at 100,000 per week at a facility located 35-miles from ContentGuard's headquarters, eight inventors of the asserted patents have stated that they are willing to appear in person at trial in Texas in the *Google* Texas case, and some of the evidence from the other defendants in the *Amazon* action are located in Texas.

The same day, in the *Amazon* action, Motorola Mobility, LLC filed a motion to sever ContentGuard's claims against Motorola Mobility. In other words, Motorola Mobility seeks a severance to present individualized defenses to the jury apart from the trial with the rest of the defendants in the case.

3

On March 12, in this action, ContentGuard filed an opposition to Google's motion to enjoin and moved (in its opposition) to transfer, to stay, or to dismiss this action in favor of the *Amazon* action. On March 19, Google filed a reply. It appears that ContentGuard may still believe that it has a reply opportunity because it raised its motion in its opposition. No additional reply is needed, but ContentGuard may nevertheless file a reply (not to exceed ten pages total) by **MARCH 26**.

It does appear that ContentGuard Holdings, Inc. went to considerable effort to avoid suing Google in Texas, evidently fearing a motion to transfer, until its hand was forced by Google filing first here. Gamesmanship by ContentGuard may be afoot on the venue issue. Nonetheless, comity and judicial efficiency counsel in favor of inviting our sister district to decide whether to transfer the *Google* Texas action here. Out of respect, the undersigned judge does not wish to interfere with the case management of the docket in Texas. This order, therefore, denies the injunction sought by Google on this ground except to enjoin all parties here from filing yet further motions in Texas or otherwise seeking to anchor the controversy there until the Texas court rules on Google's pending motion there to transfer here. Our sister court in Texas is requested, in turn, to please rule promptly on Google's motion to transfer. If the Texas court sends the controversy here (with or without the Motorola Mobility action), then the undersigned judge would be pleased to accept it and proceed to a prompt schedule leading to a prompt trial.

By **NOON ON APRIL 17**, or within two-calendar days of a ruling on one or more of those motions in Texas, the parties shall file a joint status report. The initial case management conference in this action set for **MAY 1** remains on calendar.

All other motions pending in this action are **HELD IN ABEYANCE** pending the above (Dkt. Nos. 15, 32). The hearing noticed for April 3 is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4